**Peter M. MACE, Appellant**

v.

**Larry A. DOMASH, Appellee.**

No. 09–7062.

United States Court of Appeals, District of Columbia Circuit.

June 15, 2010.

Valeriano Diviacchi, Diviacchi Law Office, Boston, MA, for Appellant.

Douglas Scott Brooks, Libbyhoopes, P.C., Boston, MA, Adam Augustine Carter, Law Office of Adam A. Carter, Robert Scott Oswald, Employment Law Group, PLLC, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

' **ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Peter Mace alleged the existence of an oral contract for services rendered to Larry Domash. Mace claimed that the parties had agreed that Mace would help establish a start-up insurance company, assist with Domash's divorce and custody litigation, and provide Domash with emotional support, in exchange for Domash reimbursing Mace for related expenditures and reasonable living expenses. Domash denied the existence of any such contract and refused to pay Mace. Mace sued. In his complaint, Mace sought recovery of damages for breach of contract and quasi-contract. The District Court entered judgment against Mace on both claims: (i) it dismissed the quasi-contract claim at the summary judgment stage, and (ii) it allowed the breach of contract claim to go to trial but thereafter granted judgment as a matter of law to Domash.

Mace challenges both rulings. As to the first, Mace repackages his quasi-contract claim on appeal as a distinctly different claim for reliance damages. He did not preserve that argument before the District Court, and we therefore do not consider it on appeal. *See Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 421–22 (D.C.Cir.1991) (theories presented on appeal must have been adequately raised and preserved below). As to the breach of contract claim, the District Court correctly concluded that, for purposes of D.C. law, Mace failed to provide adequate evidence

of an enforceable oral contract with sufficiently definite terms. *See Steven R. Perles, P.C. v. Kagy,* 473 F.3d 1244, 1249 (D.C.Cir.2007) (valid and enforceable contract must include intention to be bound and agreement as to all material terms); *Rosenthal v. Nat'l Produce Co.,* 573 A.2d 365, 369–70 (D.C.1990). We therefore affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).